# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERIZON COMMUNICATIONS INC. and VERIZON SERVICES CORP., <br><br> Plaintiffs, <br> v. <br><br> CABLEVISION SYSTEMS CORP., <br><br> Defendant. | CIV. ACTION NO. _____ <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE
## RELIEF FOR PATENT INFRINGEMENT

Plaintiffs, Verizon Communications Inc. ("VCI") and Verizon Services Corp. ("Verizon Services") (collectively, "Verizon"), complain of Defendant Cablevision Systems Corp. ("Cablevision"), as follows, and demand a jury trial of all issues.

## INTRODUCTION

1. This is an action for patent infringement. Verizon's patents involved in this case relate to digital set-top boxes ("STBs") and other network and system components used in digital broadband distribution networks. The patents involve technologies to facilitate the delivery of video and other data over networks and to offer next-generation services to customers. Defendant Cablevision has appropriated Verizon's patented technology without Verizon's permission and without compensating Verizon. Cablevision uses Verizon's patented technology in its cable television network, which makes service available to more than 4 million homes. Cablevison is using Verizon's patented technology to compete directly with Verizon and its affiliates, which offer competing services over a fiber-to-the-premises network known as FiOS services to a significant percentage of homes within Cablevision's cable service territory.

Verizon brings this patent infringement action to prevent and restrain Cablevision from appropriating Verizon's patented technology and to secure damages to compensate Verizon for the losses that Cablevision's acts have caused.

**THE PARTIES**

2. Plaintiff VCI is a Delaware corporation. Its principal executive office is located at 140 West Street, New York, NY 10007. VCI is the owner of record of each of the patents involved in this action. VCI wholly owns the other Plaintiff in this case.

3. Plaintiff Verizon Services is a wholly owned subsidiary of VCI and is a Delaware corporation. It maintains an office located at North Court House Road, Arlington, VA 22201. Verizon Services is an owner of record of three of the patents involved in this action, U.S. Patent Nos. 5,666,293, 6,055,077, and 5,864,415.

4. Defendant Cablevision is a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, NY 11714. On information and belief, Cablevision is principally in the business of providing subscription video, data, and other communications services to consumers. Cablevision provides consumers of its subscription video services with a digital STB that is necessary for the receipt of live television programs as well as a variety of advanced services, including, for example, video on demand.

**JURISDICTION AND VENUE**

5. This action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Cablevision. Cablevision is a corporation formed under the laws of Delaware, maintains a registered agent in Delaware, and has systematic and continuous contacts with the forum.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400.

**COUNT I – Infringement of U.S. Patent No. 5,666,293**

8. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-7.

9. On September 9, 1997, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,666,293 ("the '293 patent"), titled "Downloading Operating System Software Through a Broadcast Channel," to which Verizon duly and legally succeeded by assignment recorded in the United States Patent and Trademark Office. The patented invention is directed to STBs and methods for dynamically programming such STBs to offer a variety of broadband services. A copy of the '293 patent is attached as Exhibit A.

10. Cablevision appropriated the invention by making and using the patented method and apparatus in the United States in competition against and without the permission of, or making any compensation to, the Plaintiffs. Cablevision has been and still is infringing the foregoing patent by doing the following things, among others:

    a. making or causing to be made TV cable systems, devices, and services that practice the patent as part of their normal and intended operation; using such systems, devices, and services; and offering to sell and selling such systems, devices, and services in the United States, in violation of 35 U.S.C. § 271(a);

    b. contributing to infringement of the patent by selling such TV cable systems, devices, and services, knowing them to be specially adapted for

practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

c. actively inducing infringement of the patented method by knowingly selling such TV cable systems, devices, and services, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

d. aiding and abetting other persons to infringe and cause infringement of the patent.

11. Upon information and belief, Cablevision's conduct is willful, wanton, and in utter disregard of the Plaintiffs' property rights in the patented invention.

12. Such infringement has injured and damaged the Plaintiffs, and continues to do so. Unless enjoined by this Court, Cablevision will continue its infringement, irreparably injuring the Plaintiffs.

**COUNT II – Infringement of U.S. Patent No. 5,635,979**

13. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-12.

14. On June 3, 1997, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,635,979 ("the '979 patent"), titled "Dynamically Programmable Digital Entertainment Terminal Using Downloaded Software To Control Broadband Data Operations," to which VCI duly and legally succeeded by assignment recorded in the United States Patent and Trademark Office. The patented invention is directed to STBs and methods for dynamically

programming such STBs to offer a variety of broadband services. A copy of the '979 patent is attached as Exhibit B.

15. Cablevision appropriated the invention by making and using the patented method and apparatus in the United States in competition against and without the permission of, or making any compensation to, the Plaintiffs. Cablevision has been and still is infringing the foregoing patent by doing the following things, among others:

> a. making or causing to be made TV cable systems, devices, and services that practice the patent as part of their normal and intended operation; using such systems, devices, and services; and offering to sell and selling such systems, devices, and services in the United States, in violation of 35 U.S.C. § 271(a);
>
> b. contributing to infringement of the patent by selling such TV cable systems, devices, and services, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);
>
> c. actively inducing infringement of the patented method by knowingly selling such TV cable systems, devices, and services, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and
>
> d. aiding and abetting other persons to infringe and cause infringement of the patent.

16. Upon information and belief, Cablevision's conduct is willful, wanton, and in utter disregard of the Plaintiffs' property rights in the patented invention.

17. Such infringement has injured and damaged the Plaintiffs, and continues to do so. Unless enjoined by this Court, Cablevision will continue its infringement, irreparably injuring the Plaintiffs.

## COUNT III – Infringement of U.S. Patent No. 5,608,447

18. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-17.

19. On March 4, 1997, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,608,447 ("the '447 patent"), titled "Full Service Network" to which VCI duly and legally succeeded by assignment recorded in the United States Patent and Trademark Office. The patented invention is directed to a network to offer a variety of broadband services. A copy of the '447 patent is attached as Exhibit C.

20. Cablevision appropriated the invention by making and using the patented method and apparatus in the United States in competition against and without the permission of, or making any compensation to, the Plaintiffs. Cablevision has been and still is infringing the foregoing patent by doing the following things, among others:

    a. making or causing to be made TV cable systems, devices, and services that practice the patent as part of their normal and intended operation; using such systems, devices, and services; and offering to sell and selling such systems, devices, and services in the United States, in violation of 35 U.S.C. § 271(a);

    b. contributing to infringement of the patent by selling such TV cable systems, devices, and services, knowing them to be specially adapted for

practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

c. actively inducing infringement of the patented method by knowingly selling such TV cable systems, devices, and services, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

d. aiding and abetting other persons to infringe and cause infringement of the patent.

21. Upon information and belief, Cablevision's conduct is willful, wanton, and in utter disregard of the Plaintiffs' property rights in the patented invention.

22. Such infringement has injured and damaged the Plaintiffs, and continues to do so. Unless enjoined by this Court, Cablevision will continue its infringement, irreparably injuring the Plaintiffs.

**COUNT IV – Infringement of U.S. Patent No. 6,367,078**

23. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-22.

24. On April 2, 2002, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,367,078 ("the '078 patent"), titled "Electronic Program-Guide System With Sideways-Surfing Capability" to which VCI duly and legally succeeded by assignment recorded in the United States Patent and Trademark Office. The patented invention is directed to STBs that allow viewers to navigate by category of content. A copy of the '078 patent is attached as Exhibit D.

25. Cablevision appropriated the invention by making and using the patented method and apparatus in the United States in competition against and without the permission of, or making any compensation to, the Plaintiffs. Cablevision has been and still is infringing the foregoing patent by doing the following things, among others:

   a. making or causing to be made TV cable systems, devices, and services that practice the patent as part of their normal and intended operation; using such systems, devices, and services; and offering to sell and selling such systems, devices, and services in the United States, in violation of 35 U.S.C. § 271(a);

   b. contributing to infringement of the patent by selling such TV cable systems, devices, and services, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

   c. actively inducing infringement of the patented method by knowingly selling such TV cable systems, devices, and services, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

   d. aiding and abetting other persons to infringe and cause infringement of the patent.

26. Upon information and belief, Cablevision's conduct is willful, wanton, and in utter disregard of the Plaintiffs' property rights in the patented invention.

27. Such infringement has injured and damaged the Plaintiffs, and continues to do so. Unless enjoined by this Court, Cablevision will continue its infringement, irreparably injuring the Plaintiffs.

**COUNT V – Infringement of U.S. Patent No. 7,561,214**

28. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-27.

29. On July 14, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,561,214 ("the '214 patent"), titled "Two-Dimensional Navigation of Multiplexed Channels in a Digital Video Distribution System," to which VCI duly and legally succeeded by assignment recorded in the United States Patent and Trademark Office. The patented invention is directed to STBs through which it is possible to navigate anchor channels and multiplexed channels associated with the anchor channels. A copy of the '214 patent is attached as Exhibit E.

30. Cablevision appropriated the invention by making and using the patented method and apparatus in the United States in competition against and without the permission of, or making any compensation to, the Plaintiffs. Cablevision has been and still is infringing the foregoing patent by doing the following things, among others:

    a. making or causing to be made TV cable systems, devices, and services that practice the patent as part of their normal and intended operation; using such systems, devices, and services; and offering to sell and selling such systems, devices, and services in the United States, in violation of 35 U.S.C. § 271(a);

      b.      contributing to infringement of the patent by selling such TV cable systems, devices, and services, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

      c.      actively inducing infringement of the patented method by knowingly selling such TV cable networks, devices, and services, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

      d.      aiding and abetting other persons to infringe and cause infringement of the patent.

31. Upon information and belief, Cablevision's conduct is willful, wanton, and in utter disregard of the Plaintiffs' property rights in the patented invention.

32. Such infringement has injured and damaged the Plaintiffs, and continues to do so. Unless enjoined by this Court, Cablevision will continue its infringement, irreparably injuring the Plaintiffs.

### COUNT VI – Infringement of U.S. Patent No. 6,055,077

33. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-32.

34. On April 25, 2000, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,055,077 ("the '077 patent"), titled "Multimedia Distribution System Using Fiber Optic Lines," to which Verizon duly and legally succeeded by assignment recorded in the United States Patent and Trademark Office. The patented invention is directed to

a fiber optic network and a controllable switch for selecting among optical bands. A copy of the '077 patent is attached as Exhibit F.

35. Cablevision appropriated the invention by making and using the patented method and apparatus in the United States in competition against and without the permission of, or making any compensation to, the Plaintiffs. Cablevision has been and still is infringing the foregoing patent by doing the following things, among others:

> a. making or causing to be made TV cable systems, devices, and services that practice the patent as part of their normal and intended operation; using such systems, devices, and services; and offering to sell and selling such systems, devices, and services in the United States, in violation of 35 U.S.C. § 271(a);
>
> b. contributing to infringement of the patent by selling such TV cable systems, devices, and services, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);
>
> c. actively inducing infringement of the patented method by knowingly selling such TV cable networks, devices, and services, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and
>
> d. aiding and abetting other persons to infringe and cause infringement of the patent.

36. Upon information and belief, Cablevision's conduct is willful, wanton, and in utter disregard of the Plaintiffs' property rights in the patented invention.

37. Such infringement has injured and damaged the Plaintiffs, and continues to do so. Unless enjoined by this Court, Cablevision will continue its infringement, irreparably injuring the Plaintiffs.

**COUNT VII – Infringement of U.S. Patent No. 5,864,415**

38. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-37.

39. On January 26, 1999, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,864,415 ("the '415 patent"), titled "Fiber Optic Network With Wavelength-Division-Multiplexed Transmission To Customer Premises" to which Verizon duly and legally succeeded by assignment recorded in the United States Patent and Trademark Office. The patented invention is directed to a fiber optic network with a interface device in the customer's premises. A copy of the '415 patent is attached as Exhibit G.

40. Cablevision appropriated the invention by making and using the patented method and apparatus in the United States in competition against and without the permission of, or making any compensation to, the Plaintiffs. Cablevision has been and still is infringing the foregoing patent by doing the following things, among others:

> a. making or causing to be made TV cable systems, devices, and services that practice the patent as part of their normal and intended operation; using such systems, devices, and services; and offering to sell and selling such systems, devices, and services in the United States, in violation of 35 U.S.C. § 271(a);

b. contributing to infringement of the patent by selling such TV cable systems, devices, and services, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

c. actively inducing infringement of the patented method by knowingly selling such TV cable networks, devices, and services, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

d. aiding and abetting other persons to infringe and cause infringement of the patent.

41. Upon information and belief, Cablevision's conduct is willful, wanton, and in utter disregard of the Plaintiffs' property rights in the patented invention.

42. Such infringement has injured and damaged the Plaintiffs, and continues to do so. Unless enjoined by this Court, Cablevision will continue its infringement, irreparably injuring the Plaintiffs.

**COUNT VIII – Infringement of U.S. Patent No. 6,381,748**

43. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-42.

44. On April 30, 2002, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,381,748 ("the '748 patent"), titled "Apparatus And Methods For Network Access Using A Set Top Box And Television" to which VCI duly and legally succeeded by assignment recorded in the United States Patent and Trademark Office. The

patented invention is directed to STBs that can be used to access content on the Internet. A copy of the '748 patent is attached as Exhibit H.

45. Cablevision appropriated the invention by making and using the patented method and apparatus in the United States in competition against and without the permission of, or making any compensation to, the Plaintiffs. Cablevision has been and still is infringing the foregoing patent by doing the following things, among others:

    a. making or causing to be made TV cable systems, devices, and services that practice the patent as part of their normal and intended operation; using such systems, devices, and services; and offering to sell and selling such systems, devices, and services in the United States, in violation of 35 U.S.C. § 271(a);

    b. contributing to infringement of the patent by selling such TV cable systems, devices, and services, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

    c. actively inducing infringement of the patented method by knowingly selling such TV cable networks, devices, and services, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

    d. aiding and abetting other persons to infringe and cause infringement of the patent.

46. Upon information and belief, Cablevision's conduct is willful, wanton, and in utter disregard of the Plaintiffs' property rights in the patented invention.

47. Such infringement has injured and damaged the Plaintiffs, and continues to do so. Unless enjoined by this Court, Cablevision will continue its infringement, irreparably injuring the Plaintiffs.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that the Court enter judgment ordering as follows:

(a) adjudicating and declaring that Cablevision, including through its affiliates, has infringed the foregoing patents;

(b) preliminarily and permanently enjoining further infringement of the foregoing patents by unauthorized use of the inventions patented therein, by Cablevision, its affiliates and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them;

(c) that Cablevision account, and pay actual damages including lost profits (but no less than a reasonable royalty), to Plaintiffs for Cablevision's infringement of the foregoing patents;

(d) that Cablevision pay treble damages to Plaintiffs as provided by 35 U.S.C. § 284;

(e) that Cablevision pay Plaintiffs' costs, expenses, and prejudgment interest as provided for by 35 U.S.C. § 284;

(f) adjudicating and declaring that this case is exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiffs should be awarded reasonable attorneys fees; and

(g) granting Plaintiffs such other and further relief as the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a jury trial on all issues.

Dated: March 16, 2010

*/s/ Collins J. Seitz, Jr.*
Collins J. Seitz, Jr. (#2237)
Chad S.C. Stover (#4919)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141
cseitz@cblh.com
cstover@cblh.com

*Attorneys for Plaintiffs, Verizon Communications Inc. and Verizon Services Corp.*

**OF COUNSEL:**

Mark C. Hansen
Michael K. Kellogg
J.C. Rozendaal
KELLOGG, HUBER, HANSEN, TODD,
 EVANS & FIGEL, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
mhansen@khhte.com
mkellogg@khhte.com
jrozendaal@khhte.com